1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9
10  DEMETRIUS McCRAY,                    CASE NO. 1:08-CV-00262-MJS (PC)

11                      Plaintiff,        ORDER DISMISSING FIRST AMENDED
                                          COMPLAINT WITH LEAVE TO AMEND
12        v.
                                          (ECF No. 11)
13  T. WOLFE, et al.,
                                          SECOND AMENDED COMPLAINT DUE
14                      Defendants.        WITHIN THIRTY DAYS
15
16  _____/
17
18                      **SECOND SCREENING ORDER**
19  **I.    PROCEDURAL HISTORY**

20        Plaintiff Demetrius McCray ("Plaintiff") is an inmate in the custody of the California

21  Department of Corrections and Rehabilitation ("CDCR") at Mule Creek State Prison in Ione,

22  California.  He is proceeding pro se and in forma pauperis in this civil rights action pursuant

23  to 42 U.S.C. § 1983.  Plaintiff consented to Magistrate Judge jurisdiction on March 6, 2008.

24  (ECF No. 5.)  No other parties have appeared in this action.

25        Plaintiff's original February 21, 2008 complaint was dismissed on June 22, 2009 for

26
27
                                     1

failure to state a cognizable claim.  (ECF No. 10.)  He was granted leave to amend and filed his First Amended Complaint on July 7, 2009.  (ECF No. 11.)  Plaintiff's Amended Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

2

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff brings this action for violation of his rights under the Eighth Amendment. Plaintiff names as Defendants T. Wolfe, officer at Avenal State Prison; Ms. Summer, officer at Avenal State Prison; Correa, Officer at Avenal State Prison; King, Officer; and Sargent S. Stockton, Officer at Avenal State Prison.

Plaintiff states that he was assigned to an upper bunk bed.  On a date unspecified by Plaintiff, he complained to Defendant Stockton that he was not  able to get into the upper bunk because of a leg impairment which left him with metal plates in his leg, dependent upon a cane, and unable to run, jump, stand or walk for a long time, or climb. Defendant Stockton advised Plaintiff that he could do nothing about the bunk bed assignment.  Plaintiff filled out a medical request form; no immediate action was taken on the request.

Later that same day, Defendants Wolfe and Summer were on the second shift. Plaintiff similarly informed them of his condition and inability to climb into the upper bunk. Each told Plaintiff that he/she could do nothing about the bed assignment.  Plaintiff took his medications and laid on the floor.  Defendants Correa and King made Plaintiff get up and try to climb into the upper bunk.  At some point, while trying to climb up into or down out of the upper bunk, Plaintiff's leg gave out.  He fell and was taken  to the hospital for his injuries. When he returned, Plaintiff was still assigned to the upper bunk bed.  He was later moved to the bottom bunk.

Plaintiff requests monetary compensation.

**IV.    ANALYSIS - EIGHTH AMENDMENT CLAIM**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff appears to claim that his Eighth Amendment rights were violated by his assignment to an upper bunk notwithstanding his leg impairment, which made it impractical and unsafe for him to use. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and "harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

4

1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." <u>Toguchi</u> <u>v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The issue is whether Defendants knew of and nevertheless disregarded a substantial risk of serious harm to Plaintiff. Regrettably, neither the allegations in Plaintiff's Amended Complaint[1] nor its attachments provide a sufficient chronology to enable the Court to make a determination as to what knowledge Defendants had and when they gained it relative to Plaintiff's fall from the bunk. For example, it appears from the attachments to the Complaint that Plaintiff was issued a "chrono"[2] for a lower bunk bed and a cane in July 2007. However, it is unclear whether Defendants had knowledge of chrono itself or of the facts giving rise to the chrono, or whether the chrono was in force and effect, at the time of the fall. Similarly, the Court cannot determine if Plaintiff was dependent upon and using his cane when he spoke with Defendants.

---

[1] The Court had difficulty deciphering the allegations in the Amended Complaint because of Plaintiff's handwriting and his apparent attempt to include all information on the complaint form itself. If Plaintiff elects to amend again, he should attach additional pages to the complaint form rather than trying to include all allegations in the limited space provided on the complaint form.

[2] "A 'chrono' is prison parlance for a memorandum." <u>Morris v. McGrath</u>, 2009 WL 2912582, *1 (N.D. Cal, Sept. 9, 2009).

1
2
3
4
5
6

The attachments state that Plaintiff requested a bottom bunk bed for medical reasons early on February 16, 2008.  Apparently action was taken on the request on March 6, 2008. It is not clear to whom Plaintiff submitted this request or whether Defendants were aware of it and, if so, when they became aware of it. The Court cannot attribute knowledge of Plaintiff's request to any named Defendant.

7
8
9
10
11
12
13

The Court will grant Plaintiff leave to amend this claim one more time.  In his Second Amended Complaint, Plaintiff must clarify the chronology pertinent to this incident, i.e., specifically set out the relevant events in the order in which they occurred and include the dates and, if appropriate, the approximate time of each event.  Plaintiff must also include sufficient facts to show when and how the prison officials named as Defendants were aware of the risk to Plaintiff and when the injury occurred relative to that knowledge.

14
15
16
17
18
19
20
21
22
23
24
25
26

Further, Plaintiff must be more specific as to how each named Defendant contributed to the violation of his rights.  Under Section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

27

**IV.    CONCLUSION AND ORDER**

6

1
2
3
4
5
6

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief may be granted under Section 1983 against the named Defendants.  Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide Plaintiff with time to file an amended complaint to address these deficiencies.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7
8
9
10
11
12
13

In his amended complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

14
15
16
17
18

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the second amended complaint on claims and defendants only relating to issues arising due to the incident on February 16 - 17, 2008.

19
20
21
22
23
24
25
26
27

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file

        an amended complaint within thirty (30) days from the date of service of this

        order;

2.      Plaintiff shall caption the amended complaint "Second Amended Complaint"

        and refer to the case number 1:08-CV-262-MJS (PC); and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for

        failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

Dated:    December 6, 2010          /s/ *Michael J. Seng*

ci4d6                               UNITED STATES MAGISTRATE JUDGE

8