UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS MCCRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:08-cv-262-MJS (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND DIRECTING CLERK TO ENTER JUDGMENT |

　　　Plaintiff Demetrius McCray ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 17, 2010, a court order was returned by the United States Postal service as undeliverable.

　　　Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned and Plaintiff has not notified the Court of a current address.

　　　In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, this action is HEREBY DISMISSED based on Plaintiff's failure to prosecute, and the Clerk of the Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:    March 7, 2011                    /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE